O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO RODRIGUEZ, ) | CASE NO. CV 13-09525 RZ |
| ) | |
| Plaintiff, ) | |
| ) | MEMORANDUM OPINION |
| vs. ) | AND ORDER |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

Plaintiff Eduardo Rodriguez asserts that the Social Security Commissioner wrongly denied his claim for disability benefits. He principally complains about the Administrative Law Judge's acceptance of the vocational expert's opinion, and the failure of the Appeals Council to adjust the decision as a result of newly-submitted evidence. The Court finds no error, and affirms.

Relying on the testimony of the vocational expert, the Administrative Law Judge found that Plaintiff, who has a variety of impairments [AR 25], nevertheless could perform certain jobs which exist in sufficiently plentiful amounts in the relevant economy. He identified the jobs of Cafeteria Attendant, Routing Clerk and Dry Cleaner. [AR 33] In this Court, Plaintiff asserts that those jobs do not match his residual functional capacity.

Plaintiff cites law to the effect that a vocational expert is entitled to deviate from the Labor Department's DICTIONARY OF OCCUPATIONAL TITLES as long as the record

contains persuasive evidence in support of the testimony. *Johnson v. Shalala,* 60 F.3d 1428, 1435 (9th Cir. 1995); *Light v. Social Security Administration*, 119 F.3d 789,793 (9th Cir. 1993). The flaw in Plaintiff's analysis, however, is that the expert's testimony is fairly read as saying that the expert was *not* deviating from the DICTIONARY. The Administrative Law Judge asked the vocational expert at the outset to state if any of his testimony deviated from the DICTIONARY, and the expert said that he would [AR 64]; thereafter the expert testified, including referencing categories in the DICTIONARY, without indicating that his testimony differed. The Court concludes, therefore, that the vocational expert did not think that he was deviating from the DICTIONARY.

   Plaintiff, however, says that he was. Plaintiff says that the Administrative Law Judge ruled that he should have no direct interaction with the public [AR 27], whereas the DICTIONARY's description of the cafeteria worker job includes the tasks of carrying trays from food counters to tables for patrons, and that such a worker may circulate among diners and serve coffee. These are, however, only two of the several tasks mentioned in the DICTIONARY's definition, and the DICTIONARY also indicates that a person's performance in the "People" domain is not significant. Given these factors, the Court does not find that the vocational expert deviated from the DICTIONARY in any material way as to the Cafeteria Attendant job.

   Plaintiff also says that the vocational expert deviated from the DICTIONARY as to the Dry Cleaner position. Here Plaintiff's argument is that because the Administrative Law Judge found that he would need to be off task five percent of the time, he could not perform as a dry cleaner because that position requires a worker to notice spots on garments and to open valves to admit cleaning fluids. Plaintiff posits that he might need to be off task when he should be looking for spots or opening a valve to allow cleaning fluid into a washing machine.

   There is no necessary conflict between the DICTIONARY's description and the vocational expert's testimony, however. The DICTIONARY does not say that a dry cleaner must be on task one hundred percent of the time. The vocational expert was given a

hypothetical question including a residual functional capacity that matched Plaintiff's, and he testified that a person with such a capacity could perform the job of Dry Cleaner. The Court assumes, therefore, that the vocational expert concluded that such a person could be off task five percent of the time. A vocational expert would be qualified to give such an opinion, and such a opinion would not need to conflict with the DICTIONARY. That opinion stands as substantial evidence in support of the decision.

Plaintiff does not claim any conflict between the vocational expert's testimony and the DICTIONARY with respect to the third job the vocational expert identified, Routing Clerk, and therefore the Court need not address any supposed inconsistency as to that position.

Plaintiff does say, however, that he could not perform any of these jobs for an additional reason — that the Administrative Law Judge found that he could only work at eighty percent of his co-workers' pace. [AR 27] However, the vocational expert testified that there are jobs for such workers; such a worker would be, in the vocational expert's verbiage, a "C" worker, and would likely be the first to go in a lay-off situation [AR 70], but this does not mean that the jobs are not available. Plaintiff has tortured the vocational expert's testimony into a construct that such a person was able to work only at eighty percent of an eighty percent level, but that is not what the vocational expert said. Again, the vocational expert's testimony stands as substantial evidence in support of the Administrative Law Judge's decision. *Bayliss v. Barnett,* 427 F.3d 1211, 1218 (9th Cir. 2005).

Plaintiff's last claim is that a statement from his physician, which he submitted to the Appeals Council after the hearing, demonstrates that he is disabled. The Court disagrees. The statement indicates Plaintiff can do far less than Plaintiff himself said he could do. Furthermore, Plaintiff in this Court argues that the physician's opinion is justified by records which the Administrative Law Judge already had considered, and by similar opinions which he had considered and rejected. The subsequent opinion thus did

not require any further evaluation by the Appeals Council or the Administrative Law Judge.

In accordance with the foregoing, the decision of the Commissioner is affirmed.

DATED: January 20, 2015

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE